# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**FILED**

**NOVEMBER 29, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| REBECCA CRAGIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: |
| | ) |
| SUNMIST RESTAURANT, INC., | ) |
| GEORGE AVGERIS, individually and as | ) |
| agent of SUNMIST RESTAURANT, INC., | ) |
| | ) |
| Defendant. | ) |

**07 C 6705**

**JUDGE ZAGEL
MAGISTRATE JUDGE BROWN**

## COMPLAINT

### COUNT I –
Violation of Title VII of the Civil Rights Act of 1964,
as amended by the Civil Rights Act of 1991

The plaintiff, REBECCA CRAGIN (hereinafter referred to as "CRAGIN"), and

for her complaint against the defendant SUNMIST RESTAURANT, INC. (hereinafter

referred to as "SUNMIST") states:

1.      This action is brought for damages sustained by CRAGIN by the reason of

SUNMIST's violation of CRAGIN's civil rights under Title VII of the Civil Rights Act

of 1964 as amended by the Civil Rights Act of 1991.

2.      CRAGIN is a citizen of the United States and is a resident of the Northern

District of Illinois.

3.      SUNMIST is a corporation organized and existing under the laws of the

State of Illinois and does substantial business in the Northern District of Illinois.  At all

times relevant hereto, SUNMIST owned a restaurant at 501 East Lake Street, Addison, Illinois 60101.

4.     At all times relevant hereto, SUNMIST was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5.     This Court has jurisdiction pursuant to 42 USC Section 2000(e) – 5(f)(1) and pursuant to 28 USC Section 1343 and 1331.

6.     Venue is appropriate in this Court pursuant to 42 USC Section 2000(e) – 5(f)(3).

7.     In or about July 2005, CRAGIN began working as a waitress at SUNMIST RESTAURANT.

8.     Throughout CRAGIN's employment, it was the policy of SUNMIST not to discriminate against employees on the basis of his or her sex.

9.     Notwithstanding SUNMIST's policy, continuing through June 20, 2006, CRAGIN was subjected to repeated physical and verbal sexual harassment by GEORGE AVGERIS, president and one of the shareholders of SUNMIST.  Such harassment included, among other things:

(i)     Telling CRAGIN that by virtue of having a hysterectomy, she could not have sex and that "we'll just have to teach you to give a blow job";

(ii)     Making continuous comments to CRAGIN about her weight loss and indicating that had he known that she lost weight in her "boobs", he never would have brought her back to work;

(iii)   Continuous coming up to CRAGIN and fondling her breasts;

(iv)   Continually making lewd comments to CRAGIN, including asking when he was going to be able to teach her to give a blow job, blowing kisses to her daily, inquiring as to what color bra she was wearing, continually looking down the front of her shirt and telling her that he would be gentle when teaching her how to perform oral sex.

(v)   Continually mentioning to CRAGIN when her nipples were erect and on February 10, 2006, pinching her nipples and indicating that he did not like them sticking out like that and he could warm them up.

(vi)   Repeatedly trying to French kiss CRAGIN and inquiring as to what type of sex she liked because she did not allow French kisses and she did not give head.

10.   CRAGIN subsequently advised the other owners about GEORGE AVGERIS' conduct but nothing was ever done by them to prevent him from his continual sexual harassment.

11.   On or about June 8, 2006, CRAGIN received a telephone call from GEORGE AVGERIS. GEORGE advised CRAGIN that he had been advised by one of the owners about what CRAGIN had said about him and assured her that he would never touch her again and that she should come back to work. CRAGIN reluctantly agreed.

12.   CRAGIN returned to work the following day. Despite GEORGE's comments to her, the first thing he asked her when she returned is if he could touch her "boobs".

3

13.    While CRAGIN worked for another six (6) days, the working conditions were intolerable due to GEORGE AVGERIS' continued sexual harassment.

14.    Due to these intolerable working conditions, on June 20, 2006, CRAGIN tendered her resignation since she was constructively discharged from employment at SUNMIST.

15.    SUNMIST has, therefore, violated Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 by discriminating against CRAGIN because of her sex in violation of CRAGIN's rights under Title IV of the Civil Rights Act of 1964, 42 USC 2000(e)-2(a)(1) as amended by the Civil Rights Act of 1991.

16.    On August 24, 2006, pursuant to 42 USC 200(e)(5) and the regulations issued thereunder, CRAGIN filed a complaint of employment discrimination with the Equal Employment Opportunity Commission.

17.    Pursuant to CRAGIN's request, on October 3, 2007, CRAGIN received a notice of right to sue.  A true and correct copy of this notice is attached hereto as **"Exhibit A"**.

18.    Less than ninety (90) days have expired since CRAGIN's receipt of the notice of right to sue.

19.    SUNMIST's violation of CRAGIN's rights under Title VII of the Civil Rights Act of 1964 has caused CRAGIN pecuniary damages.

WHEREFORE, the plaintiff, REBECCA CRAGIN, requests that this Court enter judgment in her favor and against the defendant, SUNMIST RESTAURANT, INC., as follows:

i.    Enjoining SUNMIST from engaging in such unlawful employment practices as alleged in this complaint;

ii.    That CRAGIN be made whole as to all salary, benefits and seniority status;

iii.    Awarding CRAGIN front pay;

iv.    Awarding CRAGIN compensatory and punitive damages in an amount authorized under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

v.    Awarding CRAGIN attorney's fees and costs pursuant to 42 USC Section 2000(e)-5(k) and prejudgment interest; and

vi.    Awarding her such other relief as this Court may deem appropriate.

CRAGIN demands trial by jury.

## COUNT II -
### Battery

The plaintiff REBECCA CRAGIN (hereinafter referred to as "CRAGIN"), and for her complaint against the defendant SUNMIST RESTAURANT, INC. (hereinafter referred to as "SUNMIST") states:

1.    This Court has jurisdiction of this matter pursuant to this Court's supplemental jurisdiction as provided for in 28 USC Section 1367.

2.    CRAGIN is a citizen of the United States and is a resident of the Northern District of Illinois.

3.    SUNMIST is a corporation organized and existing under the laws of the State of Illinois and does substantial business in the Northern District of Illinois.  At all

times relevant hereto, SUNMIST owned a restaurant at 501 East Lake Street, Addison, Illinois 60101.

4. Venue is appropriate in this Court pursuant to 29 USC Section 1391(b) since the Defendant resides in the Northern District of Illinois and a substantial portion of the events giving rise to CRAGIN's battery claim occurred in the Northern District of Illinois.

5. At all times relevant hereto, GEORGE AVGERIS (hereinafter referred to as "GEORGE"), was the president and shareholder for SUNMIST. In his position, GEORGE possessed both supervisory and managerial authorities over CRAGIN.

6. By virtue of his position and his relationship with the other owners, GEORGE controlled all activities that occurred at SUNMIST and, therefore, GEORGE acted as the alter ego of SUNMIST.

7. Since he began employment at SUNMIST, GEORGE engaged in a pattern of practice of assaulting and committing batteries on various female employees which included, among other things:

(i) Soliciting and engaging in sex with the waitresses in the restaurant;

(ii) Touching female employees' breasts, buttocks and vaginal areas;

(iii) Asking them to perform oral sex on him; and

(iv) Continuously coming up to them and requesting to meet him either before or after work.

8. At all times relevant hereto, SUNMIST was aware that GEORGE was engaging in this wrongful conduct with various female employees of the company.

9.    Despite this knowledge, SUNMIST failed to engage in any corrective action directed toward GEORGE to prevent him from engaging in this misconduct and, therefore, expressly authorized both GEORGE's various assaults and batteries on various female employees of SUNMIST.

10.    In or about July 2005, CRAGIN began working as a waitress at SUNMIST RESTAURANT.

11.    Commencing through June 20, 2006, GEORGE, with force and arms, engaged in the following batteries on CRAGIN, including:

(i)    Continuous coming up to CRAGIN and fondling her breasts;

(ii)    Continually looking down the front of her blouse and telling her that he would be gentle when teaching her how to perform oral sex.

(iii)    On February 10, 2006, pinching her nipples and indicating that he did not like them sticking out like that and he could warm them up.

(iv)    Repeatedly trying to French kiss CRAGIN.

12.    GEORGE engaged in these various batteries on CRAGIN so as to intimidate her so that she would become a subservient employee of SUNMIST in furtherance of SUNMIST's business.

13.    GEORGE's actions were subsequently ratified by SUNMIST, who failed to take any action against GEORGE, even though it had knowledge of GEORGE's misconduct.

14.    GEORGE acted with malice and total disregard of CRAGIN's right to be free from these assaults and batteries.

7

15.    As a direct and proximate result of the above unlawful acts committed by GEORGE, CRAGIN was seriously and permanently injured, suffered great pain and anguish, will also suffer in the future, she incurred costs to be cured of her injuries and will so incur such costs in the future and she was hindered in her capacity to earn and will so in the future.

16.    By virtue of GEORGE's pattern of practice of committing assaults and batteries on other female employees, SUNMIST forsaw and expected the injuries sustained by CRAGIN.

17.    SUNMIST could have prevented GEORGE's misconduct which it clearly knew by either firing GEORGE after the first instance of wrongful conduct on his part or supervising GEORGE's activities while he was interacting with female employees at SUNMIST.

WHEREFORE, CRAGIN requests that this Court enter a judgment in her favor and against the Defendant, SUNMIST RESTAURANT, INC., as follows:

(i)    Awarding her compensatory damages in an amount in excess of $75,000.00 for SUNMIST's unlawful conduct;

(ii)    Awarding her punitive damages in the amount to be determined at trial; and

(iii)    Awarding her costs and such other relief as this Court may deem appropriate.

CRAGIN demands trial by jury.

8

## COUNT III -
### Battery

The plaintiff REBECCA CRAGIN (hereinafter referred to as "CRAGIN"), and for her complaint against the defendant GEORGE AVGERIS (hereinafter referred to as "GEORGE"), individually, states:

1.    This Court has jurisdiction of this matter pursuant to this Court's supplemental jurisdiction as provided for in 28 USC Section 1367.

2.    CRAGIN is a citizen of the United States and is a resident of the Northern District of Illinois.

3.    SUNMIST is a corporation organized and existing under the laws of the State of Illinois and does substantial business in the Northern District of Illinois. At all times relevant hereto, SUNMIST owned a restaurant at 501 East Lake Street, Addison, Illinois 60101.

4.    Venue is appropriate in this Court pursuant to 29 USC Section 1391(b) since the Defendant resides in the Northern District of Illinois and a substantial portion of the events giving rise to CRAGIN's battery claim occurred in the Northern District of Illinois.

5.    At all times relevant hereto, GEORGE was the president and shareholder for SUNMIST. In his position, GEORGE possessed both supervisory and managerial authorities over CRAGIN.

6.     Since he began employment at SUNMIST, GEORGE engaged in a pattern of practice of assaulting and committing batteries on various female employees which included, among other things:

(i)     Soliciting and engaging in sex with the waitresses in the restaurant;

(ii)    Touching female employees' breasts, buttocks and vaginal areas;

(iii)   Asking them to perform oral sex on him; and

(iv)    Continuously coming up to them and requesting to meet him either before or after work.

7.     In or about July 2005, CRAGIN began working as a waitress at SUNMIST RESTAURANT.

8.     Commencing through June 20, 2006, GEORGE, with force and arms, engaged in the following batteries on CRAGIN, including:

(i)     Continuous coming up to CRAGIN and fondling her breasts;

(ii)    Continually looking down the front of her blouse and telling her that he would be gentle when teaching her how to perform oral sex.

(v)     On February 10, 2006, pinching her nipples and indicating that he did not like them sticking out like that and he could warm them up.

(vi)    Repeatedly trying to French kiss CRAGIN.

9.     GEORGE acted with malice and total disregard of CRAGIN's right to be free from these assaults and batteries.

10.    As a direct and proximate result of the above unlawful acts committed by GEORGE, CRAGIN was seriously and permanently injured, suffered great pain and

anguish, will also suffer in the future, she incurred costs to be cured of her injuries and will so incur such costs in the future and she was hindered in her capacity to earn and will so in the future.

WHEREFORE, CRAGIN requests that this Court enter a judgment in her favor and against the Defendant, GEORGE AVGERIS, as follows:

(i)     Awarding her compensatory damages in an amount in excess of $75,000.00 for GEORGE AVGERIS' unlawful conduct;

(ii)    Awarding her punitive damages in the amount to be determined at trial; and

(iii)   Awarding her costs and such other relief as this Court may deem appropriate.

CRAGIN demands trial by jury.

Respectfully submitted,

JOEL F. HANDLER (#1115812)
55 W. Wacker Drive
Suite 950
Chicago, IL 60601
(312) 621-0008

Attorney for the Plaintiff,
REBECCA CRAGIN