IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REBECCA CRAGIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 07 C 6705 |
| ) | |
| SUNMIST RESTAURANT, INC., ) | Judge Zagel |
| GEORGE AVGERIS, individually and as ) | |
| agent of SUNMIST RESTAURANT, INC., ) | Magistrate Judge Brown |
| ) | |
| Defendants. ) | |

**DEFENDANT, SUNMIST RESTAURANT, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants, SUNMIST RESTAURANT, INC. and GEORGE AVGERIS, individually and as agent of SUNMIST RESTAURANT, INC., by and through their attorneys, NIELSEN, ZEHE & ANTAS, P.C., and for their Answer and Affirmative Defenses to Plaintiff's Complaint, state as follows:

**COUNT I –**
**Violation of Title VII of the Civil Rights Act of 1964,**
**as amended by the Civil Rights Act of 1991**

1. This action is brought for damages sustained by CRAGIN by the reason of SUNMIST's violation of CRAGIN's civil rights under Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991.

**ANSWER:** Defendant denies the allegations of paragraph 1.

2. CRAGIN is a citizen of the United States and is a resident of the Northern District of Illinois.

**ANSWER:**   Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 and therefore, neither admits nor denies same but demands strict proof thereof.

3.   SUNMIST is a corporation organized and existing under the laws of the State of Illinois and does substantial business in the Northern District of Illinois.  At all times relevant hereto, SUNMIST owned a restaurant at 501 East Lake Street, Addison, Illinois 60101.

**ANSWER:**   Defendant admits the allegations of paragraph 3.

4.   At all times relevant hereto, SUNMIST was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

**ANSWER:**   Defendant admits the allegations of paragraph 4.

5.   This Court has jurisdiction pursuant to 42 USC Section 2000(e) – 5(f)(1) and pursuant to 28 USC Section 1343 and 1331.

**ANSWER:**   Defendant admits the allegations of paragraph 5.

6.   Venue is appropriate in this Court pursuant to 42 USC Section 2000(e) – 5(f)(3).

**ANSWER:**   Defendant admits the allegations of paragraph 6.

7.   In or about July 2005, CRAGIN began working as a waitress at SUNMIST RESTAURANT.

**ANSWER:**   Defendant admits the allegations of paragraph 7.

8.   Throughout CRAGIN's employment, it was the policy of SUNMIST not to discriminate against employees on the basis of his or her sex.

**ANSWER:**   Defendant admits the allegations of paragraph 8.

9.   Notwithstanding SUNMIST's policy, continuing through June 20, 2006, CRAGIN was subjected to repeated physical and verbal sexual harassment by GEORGE

AVGERIS, president and one of the shareholders of SUNMIST. Such harassment included, among other things:

    (i)    Telling CRAGIN that by virtue of having a hysterectomy, she could not have sex and that "we'll just have to teach you to give a blow job";

    (ii)    Making continuous comments to CRAGIN about her weight loss and indicating that he known that she lost weight in her "boobs", he never would have brought her back to work;

    (iii)    Continuous coming up to CRAGIN and fondling her breasts;

    (iv)    Continually making lewd comments to CRAGIN, including asking when he was going to be able to teach her to give a blow job, blowing kisses to her daily, inquiring as to what color bra she was wearing, continually looking down the front of her shirt and telling her that he would be gentle when teaching her how to perform oral sex.

    (v)    Continually mentioning to CRAGIN when her nipples were erect and on February 10, 2006, pinching her nipples and indicating that he did not like them sticking out like that and he could warm them up.

    (vi)    Repeatedly trying to French kiss CRAGIN and inquiring as to what type of sex she liked because she did not allow French kisses and she did not give him head.

**ANSWER:** Defendant denies the allegations of paragraph 9.

    10.    CRAGIN subsequently advised the other owners about GEORGE AVGERIS' conduct but nothing was ever done by them to prevent him from his continual sexual harassment.

**ANSWER:** Defendant denies the allegations of paragraph 10.

    11.    On or about June 8, 2006, CRAGIN received a telephone call from GEORGE AVGERIS. GEORGE advised CRAGIN that he had been advised by one of the owners about what CRAGIN had said about him and assured her that he would never touch her again and that she should come back to work. CRAGIN reluctantly agreed.

**ANSWER:** Defendant denies the allegations of paragraph 11.

3

12. CRAGIN returned to work the following day. Despite GEORGE's comments to her, the first thing he asked her when she returned is if he could touch her "boobs".

**ANSWER:** Defendant denies the allegations of paragraph 12.

13. While CRAGIN worked for another six (6) days, the working conditions were intolerable due to GEORGE AVGERIS' continued sexual harassment.

**ANSWER:** Defendant denies the allegations of paragraph 13.

14. Due to these intolerable working conditions, on June 20, 2006, CRAGIN tendered her resignation since she was constructively discharged from employment at SUNMIST.

**ANSWER:** Defendant denies the allegations of paragraph 14.

15. SUNMIST has, therefore, violated Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 by discriminating against CRAIGIN because of her sex in violation of CRAGIN's rights under Title IV of the Civil Rights Act of 1964, 42 USC 2000(e)-2(a)(1) as amended by the Civil Rights Act of 1991.

**ANSWER:** Defendant denies the allegations of paragraph 15.

16. On August 24, 2006, pursuant to 42 USC 200(e)(5) and the regulations issued thereunder, CRAGIN filed a complaint of employment discrimination with the Equal Employment Opportunity Commission.

**ANSWER:** Defendant admits the allegations of paragraph 16.

17. Pursuant to CRAGIN's request, on October 3, 2007, CRAGIN received a notice of right to sue. A true and correct copy of this notice is attached hereto as "**Exhibit A**".

**ANSWER:** Defendant admits the allegations of paragraph 17.

18. Less than ninety (90) days have expired since CRAGIN's receipt of the notice of right to sue.

**ANSWER:**   Defendant admits the allegations of paragraph 18.

19.   SUNMIST's violation of CRAGIN's rights under Title VII of the Civil Rights Act of 1964 has caused CRAGIN pecuniary damages.

**ANSWER:**   Defendant denies the allegations of paragraph 19.

WHEREFORE, the Defendant respectfully prays that the Court enter judgment in its favor and against the Plaintiff, together with costs and attorney fees.

## COUNT II –
## Battery

1.   This Court has jurisdiction of this matter pursuant to this Court's supplemental jurisdiction as provided for in 28 USC Section 1367.

**ANSWER:**   Defendant admits the allegations of paragraph 1.

2.   CRAGIN is a citizen of the United States and is a resident of the Northern District of Illinois.

**ANSWER:**   Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 and therefore, neither admits nor denies same but demands strict proof thereof.

3.   SUNMIST is a corporation organized and existing under the laws of the State of Illinois and does substantial business in the Northern District of Illinois.  At all times relevant hereto, SUNMIST owned a restaurant at 501 East Lake Street, Addison, Illinois 60101.

**ANSWER:**   Defendant admits the allegations of paragraph 3.

4.   Venue is appropriate in this Court pursuant to 29 USC Section 1391(b) since the Defendant resides in the Northern District of Illinois and a substantial portion of the events giving rise to CRAGIN's battery claim occurred in the Northern District of Illinois.

**ANSWER:**   Defendant admits the allegations of paragraph 4.

5. At all times relevant hereto, GEORGE AVGERIS (hereinafter referred to as "GEORGE"), was the president and shareholder for SUNMIST. In his position, GEORGE possessed both supervisory and managerial authorities over CRAGIN.

**ANSWER:** Defendant denies that GEORGE AVGERIS was the president for SUNMIST, but admits the remaining allegations of paragraph 5.

6. By virtue of his position and his relationship with the other owners, GEORGE controlled all activities that occurred at SUNMIST and, therefore, GEORGE acted as the alter ego of SUNMIST.

**ANSWER:** Defendant denies the allegations of paragraph 6.

7. Since he began employment at SUNMIST, GEORGE engaged in a pattern of practice of assaulting and committing batteries on various female employees which included, among other things:

    (i) Soliciting and engaging in sex with the waitresses in the restaurant;

    (ii) Touching female employees' breasts, buttocks and vaginal areas;

    (iii) Asking them to perform oral sex on him; and

    (iv) Continuously coming up to them and requesting to meet him either before or after work.

**ANSWER:** Defendant denies the allegations of paragraph 7.

8. At all times relevant hereto, SUNMIST was aware that GEORGE was engaging in this wrongful conduct with various female employees of the company.

**ANSWER:** Defendant denies the allegations of paragraph 8.

9. Despite this knowledge, SUNMIST failed to engage in any corrective action directed toward GOERGE to prevent him from engaging in this misconduct and, therefore,

expressly authorized both GEORGE's various assaults and batteries on various female employees of SUNMIST.

**ANSWER:**   Defendant denies the allegations of paragraph 9.

10.   In or about July 2005, CRAGIN began working as a waitress at SUNMIST RESTAURANT.

**ANSWER:**   Defendant admits the allegations of paragraph 10.

11.   Commencing through June 20, 2006, GOERGE, with force and arms, engaged in the following batteries on CRAIGIN, including:

(i)   Continuous coming up to CRAIGIN and fondling her breasts;

(ii)   Continually looking down the front of her blouse and telling her that he would be gentle when teaching her how to perform oral sex.

(iii)   On February 10, 2006, pinching her nipples and indicating that he did not like them sticking out like that and he could warm them up.

(iv)   Repeatedly trying to French kiss CRAGIN.

**ANSWER:**   Defendant denies the allegations of paragraph 11.

12.   GEORGE engaged in these various batteries on CRAGIN so as to intimidate her so that she would become a subservient employee of SUNMIST in furtherance of SUNMIST's business.

**ANSWER:**   Defendant denies the allegations of paragraph 12.

13.   GEORGE's actions were subsequently ratified by SUNMIST, who failed to take any action against GEORGE, even though it had knowledge of GEORGE'S misconduct.

**ANSWER:**   Defendant denies the allegations of paragraph 13.

14.　　GEORGE acted with malice and total disregard of CRAGIN's right to be free from these assaults and batteries.

**ANSWER:**　Defendant denies the allegations of paragraph 14.

15.　　As a direct and proximate result of the above unlawful acts committed by GEORGE, CRAGIN was seriously and permanently injured, suffered great pain and anguish, will also suffer in the future, she incurred costs to be cured of her injuries and will so incur such costs in the future and she was hindered in her capacity to earn and will so in the future.

**ANSWER:**　Defendant denies the allegations of paragraph 15.

16.　　By virtue of GEORGE's pattern of practice of committing assaults and batteries on other female employees, SUNMIST forsaw and expected the injuries sustained by CRAGIN.

**ANSWER:**　Defendant denies the allegations of paragraph 16.

17.　　SUNMIST could have prevented GEORGE's misconduct which it clearly knew by either firing GEORGE after the first instance of wrongful conduct on his part or supervising GEORGE's activities while he was interacting with female employees at SUNMIST.

**ANSWER:**　Defendant denies the allegations of paragraph 17.

WHEREFORE, the Defendant respectfully prays that the Court enter judgment in its favor and against the Plaintiff, together with costs and attorney fees.

## COUNT III –
### Battery

1.　　This Court has jurisdiction of this matter pursuant to this Court's supplemental jurisdiction as provided for in 28 USC Section 1367.

**ANSWER:**　Defendant admits the allegations of paragraph 1.

2.　　CRAGIN is a citizen of the United States and is a resident of the Northern District of Illinois.

**ANSWER:**     Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 and therefore, neither admits nor denies same but demands strict proof thereof.

   3.   SUNMIST is a corporation organized and existing under the laws of the State of Illinois and does substantial business in the Northern District of Illinois.  At all times relevant hereto, SUNMIST owned a restaurant at 501 East Lake Street, Addison, Illinois 60101.

**ANSWER:**     Defendant admits the allegations of paragraph 3.

   4.   Venue is appropriate in this Court pursuant to 29 USC Section 1391(b) since the Defendant resides in the Northern District of Illinois and a substantial portion of the events giving rise to CRAGIN's battery claim occurred in the Northern District of Illinois.

**ANSWER:**     Defendant admits the allegations of paragraph 4.

   5.   At all times relevant hereto, GEORGE was the president and shareholder for SUNMIST.  In his position, GEORGE possessed both supervisory and managerial authorities over CRAGIN.

**ANSWER:**     Defendant denies that GEORGE AVGERIS was the president for SUNMIST, but admits the remaining allegations of paragraph 5.

   6.   Since he began employment at SUNMIST, GEORGE engaged in a pattern of practice of assaulting and committing batteries on various female employees which included, among other things:

   (i)   Soliciting and engaging in sex with the waitresses in the restaurant;

   (ii)  Touching female employees' breasts, buttocks and vaginal areas;

   (iii) Asking them to perform oral sex on him; and

   (iv)  Continuously coming up to them and requesting to meet him either before or after

9

work.

**ANSWER:**   Defendant denies the allegations of paragraph 6.

7. In or about July 2005, CRAGIN began working as a waitress at SUNMIST RESTAURANT.

**ANSWER:**   Defendant admits the allegations of paragraph 7.

8. Commencing through June 20, 2006, GEORGE, with force and arms, engaged in the following batteries on CRAGIN, including:

(i) Continuous coming up to CRAGIN and fondling her breasts;

(ii) Continually looking down the front of her blouse and telling her that he would be gentle when teaching her how to perform oral sex.

(iii) On February 10, 2006, pinching her nipples and indicating that he did not like them sticking out like that and he could warm them up.

(iv) Repeatedly trying to French kiss CRAGIN.

**ANSWER:**   Defendant denies the allegations of paragraph 8.

9. GEORGE acted with malice and total disregard of CRAGIN's right to be free from these assaults and batteries.

**ANSWER:**   Defendant denies the allegations of paragraph 9.

10. As a direct and proximate result of the above unlawful acts committed by GEORGE, CRAGIN was seriously and permanently injured, suffered great pain and anguish, will also suffer in the future, she incurred costs to be cured of her injuries and will so incur such costs in the future and she was hindered in her capacity to earn and will so in the future.

**ANSWER:**   Defendant denies the allegations of paragraph 10.

WHEREFORE, the Defendant respectfully prays that the Court enter judgment in his favor and against the Plaintiff, together with costs and attorney fees.

## **AFFIRMATIVE DEFENSES**

NOW COMES Defendants, SUNMIST RESTAURANT, INC. and GEORGE AVGERIS, individually and as agent of SUNMIST RESTAURANT, INC., and for its affirmative defenses, allege as follows:

1. Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise.

2. SUNMIST exercised reasonable care to prevent any sexually harassing behavior.

3. Plaintiff's battery claims are barred by the exclusive remedy provision of the Illinois Worker's Compensation Act.

4. Plaintiff failed to mitigate her damages.

WHEREFORE, the Defendant respectfully prays that the Court enter judgment in its favor and against the Plaintiff, together with costs and attorney fees.

The Defendants hereby demand a trial by jury.

Respectfully submitted,

s/Kenneth C. Apicella
Kenneth C. Apicella
NIELSEN, ZEHE & ANTAS, P.C.
55 West Monroe Street, Suite 1800
Chicago, IL 60603
Phone: (312) 322-9900
Fax:    (312) 322-9977
E-mail:kapicella@nzalaw.com

Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2008, a copy of the foregoing ***DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW,*** was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system:

Mr. Joel F. Handler
jhandler@cogan-mcnabola.com

s/Kenneth C. Apicella
Kenneth C. Apicella
NIELSEN, ZEHE & ANTAS, P.C.
55 West Monroe Street, Suite 1800
Chicago, IL 60603
Phone: (312) 322-9900
Fax:   (312) 322-9977
E-mail: kapicella@nzalaw.com

Counsel for Defendant